The UNITED STATES of America

v.

Dennis S. DAVIS.

Crim. No. 91–677(1) SSH.

United States District Court, District of Columbia.

Dec. 20, 1991.

Robert Meyer, Asst. U.S. Atty., U.S. Attys. Office, Washington, D.C., for U.S.

Mark J. Rochon, Washington, D.C., for defendant.

1. The Assistant United States Attorney for this case summarized the cooperating individual's version of his contact with Rochon at the December 17 hearing on the government's motion. Rochon was also present to give his version of the conversations between the two without disclosing any client confidences. The Court does not attempt to resolve the slight, but not materi-

## MEMORANDUM ORDER

STANLEY S. HARRIS, District Judge.

The government has moved for disqualification of defendant's counsel, Gary Kohlman. On consideration of the entire record, the Court grants the government's motion.

Defendant was arrested in this case as a result of an investigation in which a cooperating individual introduced undercover officers of the Metropolitan Police Department to defendant Dennis Davis and his codefendants. The cooperating individual was acting pursuant to a plea agreement that provides for a potential downward departure in his sentence for providing substantial assistance to the government. Prior to entering into that plea arrangement, the cooperating individual sought the advice of Mark J. Rochon, the law partner of Kohlman. The Court properly does not know the exact content of their conversations but, apparently based at least in part on Rochon's advice, the cooperating individual decided to enter a guilty plea through his prior counsel.[1] Rochon's representation ended at that point. He never entered an appearance in that case on behalf of the cooperating individual, but he did receive a retainer for his services in that and related matters.

The cooperating individual will testify for the government at trial. His appearance raises a potential conflict of interest based upon which the government asks the Court to disqualify Kohlman.[2] The defendant opposes the disqualification, and he is willing to waive what he understands to be the potential conflict of interest. According to the Assistant United States Attorney, the cooperating individual, understandably, refuses to waive the conflict. Despite that fact, Kohlman argues that he may continue

al, discrepancies between the two stories in reaching its decision.

2. Rochon and Kohlman concede that Rochon, who already filed a pleading on behalf of defendant Dennis Davis, must withdraw his appearance in the case.

to represent the defendant provided the firm erects a "Chinese Wall" insulating him from any information that Rochon may have obtained through the cooperating individual.

■ Rule 1.9 of the District of Columbia Rules of Professional Conduct (D.C. Rules) governs a lawyer's duty to avoid a conflict of interest between a present and a former client.[3] Rule 1.9 provides:

A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation.

This provision applies to the partners and associates of the lawyer who represented the former client through the imputed disqualification provision of Rule 1.10.[4] The imputed disqualification provision "gives effect to the principle of loyalty to the client as it applies to lawyers who practice in a law firm." D.C. Rule 1.10, Comment 6. Thus, the rule of imputed disqualification serves two functions related to the duty of loyalty: preserving confidentiality and avoiding positions adverse to a client. D.C. Rule 1.10, Comment 10.

■ Kohlman's representation of the defendant in this case falls within the prohibitions of Rule 1.9 and Rule 1.10. Rochon's representation of the cooperating individual concerned a matter "substantially related" to this case. The cooperating individual will testify in this case as a result of the matter on which he conferred with Rochon. His credibility, like that of any witness, will be at issue. Therefore, the pending charge against the cooperating individual and his motivation for testifying will arise as matters of impeachment. The relevance of those facts also demonstrates the existence of a material conflict between the cooperating individual's interests and the present defendant's. Having confided to Rochon the nature of the pending charge and his

intention to cooperate with the government, the cooperating individual should not face cross-examination on those issues from Rochon's law partner. On the other hand, the defendant Dennis Davis's interest requires zealous impeachment of the cooperating individual, and his attorney should not be inhibited because of a potential breach of confidentiality toward a former client.

Both Kohlman and Rochon have assured the Court that no information has flowed to Kohlman regarding the cooperating individual's case and that none will flow to him in the future. The Court has a high regard for Kohlman's professionalism and credits both attorneys' representations. Nevertheless, the Court cannot render a decision in this case based on its subjective opinion of the individuals involved. The conflict of interest rules apply to all attorneys, including those whom a particular judge considers to have high ethical standards. By their terms, the rules also apply to a potential conflict of interest as well an actual conflict. The rules are prophylactic measures designed to prevent potential conflicts from developing into actual conflicts and to maintain the integrity of the profession by guarding against the appearance of a conflict. *See* D.C. Rule 1.7, Comment 16.

Kohlman argues that he would have access to impeaching information regarding the cooperating individual through discovery and under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). That fact, he argues, eliminates any concern for breach of confidentiality toward a former client. However, the possibility exists that the cooperating individual confided to Rochon a matter that the government does not know and would not provide in discovery. Furthermore, even if Kohlman would have independent access to all possible impeaching information, the appearance of a conflict in using the information against a former client of his firm requires his disqualification. The Court has "an independent interest in ensuring

---

3. Local Rule 706(a) adopts the D.C. Rules for attorneys appearing before this court.

4. Rule 1.10 provides: "While lawyers are associated in a firm, none of them shall knowingly

represent a client when any one of them practicing alone would be prohibited from doing so by rules 1.7, 1.8(b), 1.9, or 2.2."

that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them." *Wheat v. United States,* 486 U.S. 153, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988). It would be objectively unfair for Kohlman to confront the cooperating individual with information that the individual confided to Rochon. The appearance of unfairness would remain regardless of Kohlman's actual source of the information.

■ Kohlman's disqualification raises an issue regarding the defendant's Sixth Amendment right to counsel. The defendant has made clear to the Court, through Kohlman on December 17 and in his own statement at a hearing on December 19, that Kohlman is his counsel of choice. Kohlman has represented him on multiple prior criminal charges, and the two apparently have developed a relationship of trust. Nevertheless, the cooperating individual's rights and the Court's interest in preserving the fairness of the trial in this matter require Kohlman's disqualification.[5]

The Supreme Court has recognized limitations on the right to counsel of choice. "[W]hile the right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment, the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." *Wheat,* 108 S.Ct. at 1697.[6] Disqualifying Kohlman will not deprive the defendant of the assistance of counsel. Given the early stage of this case, another attorney can enter the case on the defendant's behalf and prepare

for trial without any disadvantage. Although the defendant maintains that he cannot trust another attorney as he trusts Kohlman, he does not have a constitutional right to that type of attorney-client relationship.[7] *See Morris v. Slappy,* 461 U.S. 1, 103 S.Ct. 1610, 1617, 75 L.Ed.2d 610 (1983); *see also Wheat,* 108 S.Ct. at 1697 (listing situations in which defendant may be denied counsel of first choice). Accordingly, the Court concludes that disqualifying Kohlman does not impermissibly infringe on the defendant's Sixth Amendment right to counsel.

The Court accordingly grants the government's motion for disqualification of Kohlman as defendant's counsel.

SO ORDERED.

---

5. The Court notes also that this is not a run-of-the-mill case. One of the five defendants was murdered just hours before the arraignment, and another is a fugitive.

6. The Supreme Court in *Wheat* affirmed a District Court's refusal to accept a criminal defendant's waiver of his attorney's conflict of interest. The attorney represented two alleged co-conspirators of the defendant, one of whom could be called as a witness for the government. *Wheat,* 108 S.Ct. at 1694–95. The Court noted that if the co-conspirator were called as witness "ethical proscriptions would forbid [the attorney] from cross-examining [him] in any mean-

ingful way," thereby denying the defendant effective assistance of counsel. *Id.* at 1695. Although *Wheat* concerned a conflict between two present clients in a single matter, the Supreme Court's concerns apply to the situation in this case.

7. At the December 19 hearing, defendant personally addressed the Court (Kohlman was unable to be present; defendant was represented by another attorney), and somewhat belligerently stated that he would represent himself if he could not have Kohlman as his counsel. The Court advised him that he has that right, but that it would be unwise to exercise it.